ACCEPTED
01-14-01021-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 10:49:37 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-01021-CV

IN THE

1st COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 10:49:37 AM
CHRISTOPHER A. PRINE
Clerk

IN RE OUTI SALMINEN, Relator

## RELATOR'S MOTION FOR TEMPORARY RELIEF - EMERGENCY STAY

TO THIS HONORABLE COURT:

Comes Now Relator, Outi Salminen, and asks the Court for an emergency stay of Respondent's November 17, 2014, Order transferring custody of a child to a parent with whom the child has never resided. In support of its Motion, Relator would show the Court as follows:

### A. Introduction

1. Relator is Outi Salminen, mother of the child; real party in interest is Milo Vassallo, father of the child; respondent is Hon. James Lombardino, trial court judge of the 308th Judicial District Court.

2. Relator filed her Petition for Writ of Mandamus on December 29, 2014.

3. Relator attaches a certificate of compliance certifying that on January 15,

2015, she notified the real party in interest by facsimile, and notified the respondent by hand delivery that a motion for temporary relief would be filed. Tex. R. App. P. 52.10(a).

4. Relator is entitled to emergency relief because the underlying Order of the trial court would remove a twelve year old female child from her mother, Outi Salminen, with whom she has continuously lived, and transfer the child to reside with her father, a man whom she has only seen *no more than* twenty-six (26) times in twelve (12) years. Given the potential traumatic effect of such action, Relator requests that the trial court's order be stayed until this Court determines if the order is proper.

5. Specifically, the trial court in the underlying proceeding at Cause No. 2014-38918 in the 308th Judicial District Court of Harris County, Texas issued an order titled "Temporary Orders" on November 17, 2014, which provided in relevant part that:

> IT IS ORDERED that Milo Vassallo is entitled to immediate physical custody of the child, *[redacted]*.
> IT IS FURTHER ORDERED that Outi Salminen shall immediately surrender the child to the custody of Milo Vassallo. (*child's name omitted*)...

> IT IS ORDERED that Outi Salminen's visitation with the child shall be under the supervision of an adult selected by Milo Vassallo on dates and times agreed to in advance by Milo Vassallo.

6.    Prior to this Order, the real-party-in-interest, Milo Vassallo, had visited with the child no more than twenty-six (26) times over twelve (12) years. To suddenly, and without any transition period, force the minor female child into the primary custody of Milo Vassallo would be emotionally traumatic to the child.

7.    Additionally, Respondent Lombardino has effectively denied Relator, Outi Salminen's any possession and visitation with the child by granting Milo Vassallo the right to determine *if and when* Relator will have visitation with the child. Respondent order that Relator may only have visitation *solely at Milo Vassallo's discretion.*

This extraordinary shift in the custody of the child is not in the best interests of the child, who has been in the sole custody of Relator since her birth and has never gone extended periods of time without contact with Relator.

## B. Arguments and Authorities

8.    The Court may grant temporary relief pending its determination of an original proceeding. Tex. R. App. P. 52.10(b).

9.    This emergency stay is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the original proceeding. *In re Reed*, 901 S.W.2d 604, 609 (Tex.App.—San Antonio 1995, orig. proceeding).

10. *No evidence* was presented and Respondent made no finding that the child's present circumstances would significantly impair the child's physical health or emotional development. Therefore, no harm will result from staying the "Temporary Orders" of November 17, 2014, until this Court can consider the merits of the original proceeding.

11. The original proceeding before this Court goes to the heart of the issue of whether the trial court has jurisdiction to issue any temporary orders in the underlying cause. Should this Court grant the mandamus, the trial court would be limited in its ability to proceed in the case.

### C. Conclusion

12. The child has been in the sole custody of Relator for her entire life. There is no evidence that the child is in any danger or that the child's present circumstances would significantly impair her physical health or emotional development.

13. Pursuant to Texas Rule of Appellate Procedure 52.10(a), Relator requests this Court to stay the trial court's ruling on Temporary Orders, and any further proceedings by the trial court, until such time as this Court can rule as to the substantive and procedural deficiencies of the trial court's "Temporary Orders."

### D. Prayer

14. For the reasons stated in this motion, Relator asks the Court for an emergency stay to maintain the status quo of the parties and preserve the Court's

jurisdiction to consider the merits of Relator's original proceeding.

Respectfully submitted

HOLMES DIGGS & EAMES, PLLC

Cynthia Thomson Diggs
State Bar No. 18554600
Calli Baldwin
State Bar No. 24073691
Judith Sadler
State Bar No. 17511850
5300 Memorial Drive, Suite 900
Houston, Texas 77007
Tel: (713) 802-1777
Fax: (713) 802-1779
Counsel for Relator, Outi Salminen

## Certificate of Conference

I certify that on January 14, 2015, I communicated with Laura Dale's office and Ronnie Harrison's office by facsimile and have attempted in good faith to reach an agreement to stay the temporary orders in this matter. We have been unable to reach an agreement.

Cynthia Thomson Diggs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Temporary Relief – Emergency Stay was served on this 15th day of January, 2015 to the following in the manner set forth below:

*Via Facsimile: 713-600-1718*
Ms. Laura Dale
Laura Dale & Associates, P.C.
1800 St. James Place, Suite 620
Houston, Texas 77056

*Via Facsimile: 713-224-7950*
Ronnie G. Harrison
The Harrison Law Office
411 Fannin Street, Suite 350
Houston, Texas 77002

*Via Hand Delivery*
Hon. James Lombardino
308th Judicial District Court
Harris County, Texas
1115 Congress, 7th Floor
Houston, Texas 77002

Cynthia Thomson Diggs

## Certificate of Compliance

Under Texas Rule of Appellate Procedure 52.10(a), I hereby certify that on the 15th day of January, 2015, I notified the following individuals in the manner indicate below that a motion for temporary relief would be filed.

*Via Facsimile: 713-600-1718*
Ms. Laura Dale
Laura Dale & Associates, P.C.
1800 St. James Place, Suite 620
Houston, Texas 77056

*Via Facsimile: 713-224-7950*
Ronnie G. Harrison
The Harrison Law Office
411 Fannin Street, Suite 350
Houston, Texas 77002

*Via Hand Delivery*
Hon. James Lombardino
308th Judicial District Court
201 Caroline
Houston, Texas 77002

Cynthia Thomson Diggs